UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH LEROY KEITH, II**, <br><br> Plaintiff, <br><br> v. <br><br> **BENJAMIN ATKINSON, *et al.*,** <br><br> Defendants. | 2:25-CV-11203-TGB-CI <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY (ECF NO. 35)** |

This matter is before the Court for consideration of Defendants' Motion to Stay this case (ECF No. 35) pending resolution of Plaintiff's Motion to remand the case back to state court for lack of subject-matter jurisdiction (ECF No. 19). For the reasons below, Defendants' Motion will be **GRANTED**.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The court, however,

"must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016) (citation omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Id.* (citing *Ohio Env't Council*, 565 F.2d at 396).

Defendants explain that Plaintiff's Motion to remand, if granted, would terminate this Court's jurisdiction over the case entirely, rendering further proceedings—including responses to Plaintiff's subsequent substantive motions—moot. Indeed, despite seeking remand for lack of subject-matter jurisdiction, Plaintiff has subsequently filed multiple substantive motions requiring a response from Defendants, including a Motion for Summary Judgment (ECF No. 28), Motion for Return of Property (ECF No. 29), Request for Subpoena of Witnesses (ECF No. 30), and Motion for Admission of ESI (ECF No. 32).

It is well established that a district court must resolve threshold jurisdictional issues before proceeding to adjudicate substantive matters. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 101 (1998) (holding that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). As Defendants point out, the pending Motion to Remand presents such a threshold jurisdictional question as it challenges this Court's subject-matter jurisdiction. Proceeding on the merits while jurisdiction is contested risks wasting judicial resources and potentially issuing rulings without authority.

Accordingly, a stay of motions practice is appropriate to allow the Court to first determine whether it has subject-matter jurisdiction before resolving issues on the merits, which would also conserve both judicial and party resources. No party would be prejudiced by a temporary stay, as it would last only as long as necessary for the Court to resolve the jurisdictional question and would not cause undue delay to the case. In sum, the Court finds that Defendants have carried their burden to show that a stay is appropriate under the circumstances presented in this case. The Court therefore exercises its discretion to conclude that a temporary stay pending resolution of Plaintiff's Motion to Remand is warranted.

For the reasons set forth above, Defendants' Motion to Stay this case pending resolution of Plaintiff's Motion to Remand is **GRANTED**. This action is therefore **STAYED** pending resolution of Plaintiff's Motion

to Remand. Upon resolution of Plaintiff's Motion to Remand, should remand be denied, Defendants shall have fourteen (14) days to respond to Plaintiff's pending motions (ECF Nos. 28, 29, 30, and 32).

**IT IS FURTHER ORDERED** that any additional motions filed by Plaintiff during the period of this **STAY** shall be **STRICKEN** without prejudice to being refiled if the motion to remand is denied.

**IT IS SO ORDERED**.

Dated: July 10, 2025          /s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE