UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH LEROY KEITH, II**, <br><br> Plaintiff, <br><br> v. <br><br> **BENJAMIN ATKINSON,** *et al.*, <br><br> Defendants. | 2:25-CV-11203-TGB-CI <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br> **(ECF NO. 19)** |

    The Plaintiff in this case originally brought this lawsuit in state court. Defendants had it removed to this federal court and now the Plaintiff wants it to be sent back to state court. ECF No. 19. Plaintiff Kenneth Leroy Keith, II is representing himself in this action. He complains that Defendants, the Detroit Police Department and Officer Benjamin Atkinson, violated his rights by searching his home, taking personal items not related to any crime, and obtaining other evidence. Keith is also suing a gun shop and its owner for allegedly giving some of his property to the police. Plaintiff seeks monetary relief for Defendants' alleged misconduct in seizing his property in violation of due process.

    Defendants removed the case to federal court on the basis that "Plaintiff bases the action, in part, on the United States Constitution and 42 U.S.C. Section 1983." ECF No. 1, PageID.3. But Plaintiff states that he only brought state law claims and "never cited 42 U.S.C. § 1983 nor

used it as a key point." ECF No. 27-3, PageID.524. The Motion to Remand is fully briefed. For the following reasons, Plaintiff's Motion to Remand (ECF No. 19) will be **GRANTED**.

## I. BACKGROUND

According to Plaintiff's Amended Complaint, on June 29, 2022, Officer Atkinson, along with other Detroit Police Department officers, executed a search warrant at Plaintiff's home. ECF No. 27-3, PageID.515. In the process, they seized items that Plaintiff argues were not within the scope of the warrant, in violation of his due process. *Id.* Notably, they seized a black box containing 6 military awards, 2 military identification cards, and a custom knife engraved with Plaintiff's deployment dates. *Id.* He also complains that the officers seized two lawfully possessed firearms, including one owned by his mother. *Id.* Furthermore, he alleges that on July 5, 2022, Mr. Grant Owen, owner of Firing Line Gun Range, stole his iPhone and gave it to the Detroit Police Department who illegally seized it as evidence. *Id.* at PageID.514.

When Plaintiff inquired about the return process for the seized items, Officer Atkinson allegedly stated the items "could have been lost" or would be returned after the conclusion of Plaintiff's criminal case when the evidence would no longer be needed. *Id.* at PageID.516. Plaintiff alleges that after he pled guilty on September 8, 2023, Officer Atkinson told him he would not receive any of the items. *Id.* At the time Plaintiff

filed the Complaint, he was incarcerated at Parnall Correctional Facility in Jackson, Michigan. *Id.* at PageID.513.

Plaintiff filed his original complaint in the Circuit Court for the County of Wayne, Third Judicial circuit of Michigan against the Detroit Police Department, Officer Benjamin Atkinson, Firing Line Gun Range, and its owner Grant Owen on November 20, 2024. After Defendants answered the original complaint, Plaintiff filed an Amended Complaint on April 21, 2025, which Defendants removed to federal court on April 29, 2025. ECF No. 1. In the Amended Complaint, Plaintiff brought claims for gross negligence, theft, larceny, police misconduct, and violation of due process contributing to the deprivation of irreplaceable property, and sought $72,000 in monetary damages. ECF No. 27-3, PageID.512, 530.

## II. LEGAL STANDARD

A defendant in any civil action brought in state court may remove the action to a federal court where that court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may also remove any "equal civil rights" claim to federal court. 28 U.S.C. § 1443. "The party that removed the case to federal court bears the burden of establishing federal subject matter jurisdiction." *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). "If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses[.]" *Mikulski v. Centerior Energy. Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). "It is well-established that, as master of his complaint, a plaintiff may avoid federal question jurisdiction by relying exclusively on state law." *Litchfield v. United Parcel Service, Inc.*, 136 F. Supp. 2d 756, 758 (S.D. Ohio July 10, 2000) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)). Thus, "[g]enerally, a state law claim cannot be 'recharacterized' as a federal claim for the purpose of removal." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (2003)). Even so, "[t]here are exceptions to the well-pleaded complaint rule," including "the artful-pleading doctrine: plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Mikulski*, 501 F.3d at 560 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)) (cleaned up).

4

### III. DISCUSSION

This Court's analysis begins with the face of the Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). In his Amended Complaint, Plaintiff asserts multiple tort claims sounding in state law, such as larceny pursuant to § 750.357 of Michigan Compiled Laws ("MCL") and gross negligence or loss of property by government employees pursuant to MCL § 691.1407.

Defendants contend that because the Amended Complaint makes two somewhat vague references to the "constitution," its claims ought to be construed as invoking the *federal* Constitution, and a deprivation of constitutional rights under 42 U.S.C. § 1983, a federal statute. But the portion of the complaint that references "the constitution" does not assert any claim; rather, it is a paragraph arguing that Defendants are not entitled to immunity because, Plaintiff is alleging, Defendants' acts were not "expressly or impliedly mandated or authorized by [the] constitution, statute, ordinance or other law." ECF No. 27-3, PageID.524. Similarly, the second reference to "the constitution" is not a claim, and follows immediately a paragraph that explicitly states that "Plaintiff never cited 42 U.S.C. Subsect. 1983 nor used it as a key point." *Id*. The second mention of the word "constitution," like the first, is raised in a paragraph that seeks to respond to Defendants' Answer, where Plaintiff states: "The

5

defendants did in fact cause plaintiff to suffer the deprivation of all items in controversy. My right to property is mandated by the constitution and its return is mandated in MCLS 780.655, Sect. 2, among many other laws and statutes." *Id.* at PageID.525. It is unclear whether Plaintiff intends to refer to the Michigan or the United States Constitution when he invokes his right to property, but the full context mentions state law (MCLS 780.655), not federal. And, Plaintiff clearly has a right to due process under the *Michigan* Constitution. *See* MCL Art I, § 17 ("No person shall . . . be deprived of life, liberty or property, without due process of law."). As a whole, the complaint generally refers to numerous other *state* statutes and *state* cases to allege violations of *state* procedures, in violation of his constitutional right to due process.

In moving to remand the case to state court, Plaintiff is adamant that he never cited to § 1983 but rather intended to bring his claims under state law. *See Wu v. City of Columbus*, No. 2:24-CV-3783, 2024 WL 4783912, at *3 (S.D. Ohio Nov. 14, 2024) (remanding case where plaintiff did not make even an "isolated mention" of the U.S. Constitution and did "not reference 42 U.S.C. § 1983 or any other federal statute"). While he did refer to Federal Rules of Evidence once, "[a] defendant's removal of an action to federal court is 'objectively unreasonable' where the plaintiff makes just an 'isolated mention of [federal law] in a carefully drafted complaint that pled only state-law claims' and does not reference § 1983

6

in the complaint." *Id.* (citing *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1062-64 (6th Cir. 2008)).

Furthermore, the fact that Defendants did not immediately remove the original complaint to federal court, even though it already contained constitutional claims for "disregard of due process contributing to the loss, deprivation . . . of irreplaceable property" and "violation of due process," ECF No. 27-2, PageID.486, 488, casts doubt on the propriety and timeliness of the removal of the Amended Complaint. In fact, Plaintiff filed his original complaint in state court on November 20, 2024. Defendants did not remove the case to federal court and instead filed their Answers to the original complaint in state court. It is only after Plaintiff amended his state complaint as described above on April 21, 2025, that Defendants sought to remove the case to federal court on April 29, 2025. *See* 28 U.S.C. § 1446(b)(3) (removal possible within 30 days after receipt of pleading "from which it may *first* be ascertained that the case is one which is or has become removable") (emphasis added). But including the word "constitution," without specifying federal or state, in the Amended Complaint did not change the nature of the original complaint that only focused on violations of state law. *See State ex rel. Slatery v. Tennessee Valley Auth.*, 311 F. Supp. 3d 896, 904 (M.D. Tenn. May 14, 2018) ("[A] defendant might theoretically be allowed to 'revive' the original removal period under § 1446 'where the plaintiff files an amended complaint that so changes the nature of [the] action as to

7

constitute substantially a new suit begun that day.'") (citing *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir. 1982)).

Defendants also argue that removal was proper under § 1343(a) and § 1443 which provides for the removal of civil rights cases about equal protection of laws. But Plaintiff has not alleged any facts in the Complaint suggesting violation of due process rights because of his race or other protected characteristic. *See State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) ("[T]he defendants' broad contentions under . . . the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."); *Grievance Adm'r, Att'y Grievance Comm'n, Michigan v. Fieger*, 409 F. Supp. 2d 858, 863 (E.D. Mich. Oct. 21, 2005) (removal under civil rights removal statute requires deprivation of equal rights because of one's race).

In the end, the Court must respect that under the well-pleaded complaint rule, the plaintiff is the master of his complaint. *Loftis,* 342 F.3d at 515; *Caterpillar*, 482 U.S. at 392 n.7 ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Bogovich v. Sandoval*, 189 F.3d 999, 1001–02 (9th Cir. 1999) ("[A]lthough courts must construe pro se complaints liberally, . . . courts should not undertake to

8

infer in one cause of action when a complaint clearly states a claim under a different cause of action."). Accordingly, if the plaintiff chooses to bring a state law claim, that claim cannot generally be "recharacterized" as a federal claim solely for the purpose of allowing removal, *Loftis,* 342 F.3d at 515, unless an area of the law is "completely preempted" by federal law. *Mikulski*, 501 F.3d at 561 (noting that to the extent a removal court seeks "to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law"). Thus, Defendants' removal could only have been proper if § 1983 completely preempted Plaintiff's claims.

But Defendants did not argue so. Instead of complete preemption, Defendants argue that Plaintiff's state law claims would fail. *See Wu*, 2024 WL 4783912, at *4 ("Defendants also argue that Plaintiff's state law claims are federal law claims in disguise because the City is immune from her state law claims."). Specifically, they argue that (1) Michigan law does not recognize a monetary remedy for violation of the Michigan Constitution by municipalities or their employees under *Jones v. Powell*, 462 Mich. 329 (2000), (2) Michigan law provides immunity from tort liability, such as Plaintiff's gross negligence claim, to governmental agencies such as the City and its agencies under MCL § 691.1401, (3) Plaintiff has not plead a *Monell* claim against the City, and (4) Michigan

9

law does not recognize a private cause of action for monetary damages based on alleged violations of the Michigan Constitution.

"Essentially, Defendants argue, Plaintiff would not bring a [state] law . . . claim against the [Defendants] knowing that it would get dismissed on immunity grounds." *Wu*, 2024 WL 4783912, at *4. But "Plaintiff seems to entertain and confront that potential reality," *id.*, as he remained steadfast in his desire to remand the case to state court when he stated in his Reply to the Motion to Remand that he "explained in every way how defendants voided their immunity" by acting outside the scope of their employment. ECF No. 38, PageID.690.

Regardless, all of these arguments are "potential defenses" to the complaint, which the removal court must "ignore" under the well-pleaded complaint rule when determining whether a plaintiff's claims arise under federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6; *see also Wu*, 2024 WL 4783912, at *4 ("[T]he same principle applies to a defendant's potential state law defenses."). Thus, removal courts should "not rely on a defendant's potential state law immunity defense to a state law claim to assume that the plaintiff instead intended to bring a federal claim." *Wu*, 2024 WL 4783912, at *4; *see also Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 810 (M.D. Tenn. May 22, 2019) (noting that while "litigation of a state-law cause of action may raise an issue of federal law at any number of stages, . . . [n]ot every situation in which federal law

10

comes up, however, counts as the federal issue having been 'necessarily raised' by the state cause of action").

Therefore, "[a]t this stage, Defendants have not met their burden to show that this Court has federal question jurisdiction over Plaintiff's claims." *Wu*, 2024 WL 4783912, at *4. Accordingly, this Court lacks subject matter jurisdiction, and Plaintiff's Motion to Remand to state court (ECF No. 19) is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. It is **ORDERED** that the case is remanded to state court for further proceedings. It is **FURTHER ORDERED** that Plaintiff's pending motions (ECF Nos. 11, 28, 29, 30, & 32) are **DENIED** as **MOOT**.

**SO ORDERED**.

The Clerk is directed to close this case.

Dated: January 6, 2025          /s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

11